1    HONORABLE _____

HOWARD F. DELANEY
City Attorney
Rocco N. Treppiedi
Assistant City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
SPOKANE, WA 99201-3326
Telephone: (509)625-6225
Fax:(509)625-6277

Attorneys for Defendants

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 16 2012

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY M. HARVEY, a married person,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SPOKANE, a municipal corporation in and for the State of Washington; and ANNE KIRKPATRICK, a single person,<br><br>Defendants. | NO. **CV-12-104-EFS**<br><br>NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1367, & 1441(b)-(c) |

TO:         Clerk of the Superior Court of the State of Washington for Spokane County;

AND TO:    Jeffrey M. Harvey, Plaintiff;

AND TO:    Robert A. Dunn and Susan C. Nelson, Plaintiff's Attorneys.

### NOTICE OF REMOVAL

Defendants City of Spokane and Anne Kirkpatrick remove the claims asserted against them pursuant to 28 U.S.C. § 1441.  In support of removal, Defendants

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. §§ 1331, 1367, & 1441(b)-(c) - 1

HOWARD F. DELANEY, City Attorney
OFFICE OF THE CITY ATTORNEY
5ᵗʰ Floor Municipal Building
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

submit the following:

1.    On February 8, 2012, Plaintiff's counsel provided the City of Spokane a copy of the Complaint for Damages ("Complaint") in the above-captioned matter. Plaintiff filed the Complaint in the Spokane County Superior Court on February 7, 2012.

2.    Plaintiff's Complaint alleges claims under 42 U.S.C. §§1983, 1985 and 1988, and state law claims.  All of Plaintiff's claims arise from the imposition of discipline upon the Plaintiff during his employment by the City, and various other actions which Plaintiff alleges violate his federally-protected rights under color of state law.

3.    Pursuant to 28 U.S.C. § 1441(b), removal is appropriate because this court would have had original jurisdiction over Plaintiff's §§ 1983 and 1985 claims, which are "founded on a claim or right arising under Constitution, treaties or laws of the United States."  *See also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Additionally, when a claim arising under the laws of the United States "is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein." 28 U.S.C. § 1441(c).

Consequently, removal of the entire action, including Plaintiffs' state law claims, is appropriate.  *See also* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. §§ 1331, 1367, & 1441(b)-(c) - 2

HOWARD F. DELANEY, City Attorney
OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA  99201-3326
(509) 625-6225
FAX (509) 625-6277

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

4.    This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which such action or proceeding is based."

DATED this _16_ day of February, 2012.

Rocco N. Treppiedi, WSBA #9137
Assistant City Attorney
Attorney for Defendants
Office of the City Attorney
808 W. Spokane Falls Blvd.
Spokane, WA  99201-3326
Telephone:  (509) 625-6225
Fax:  (509) 625-6277
Email:  rtreppiedi@spokanecity.org

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. §§ 1331, 1367, & 1441(b)-(c) - 3

HOWARD F. DELANEY, City Attorney
OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA  99201-3326
(509) 625-6225
FAX (509) 625-6277

CERTIFICATE OF SERVICE

I declare, under penalty of perjury, that on February _16_ , 2012, I caused a true and correct copy of the foregoing "NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1367, & 1441(b)-(c)" to be delivered to the parties below in the manner noted:

| | |
|---|---|
| Susan C. Nelson<br>Robert A. Dunn<br>Dunn & Black<br>Banner Bank Building<br>111 North Post, Suite 300<br>Spokane, WA  99201<br>Attorneys for Plaintiff<br>bdunn@dunnandblack.com<br>snelson@dunnandblack.com | [ ] VIA EMAIL<br>[ ] VIA U.S. MAIL<br>[ ] VIA OVERNIGHT SERVICE<br>[X] VIA HAND DELIVERY |

Sheila Oropeza
Office of the City Attorney
808 W. Spokane Falls Blvd.
Spokane, WA  99201-3326

NOTICE OF REMOVAL PURSUANT TO 28
U.S.C. §§ 1331, 1367, & 1441(b)-(c) - 4

HOWARD F. DELANEY, City Attorney
OFFICE OF THE CITY ATTORNEY
5th Floor Municipal Building
Spokane, WA  99201-3326
(509) 625-6225
FAX (509) 625-6277

COPY
ORIGINAL FILED

RECEIVED

FEB 0 8 2012

CITY CLERK'S OFFICE
SPOKANE, WA

FEB 0 7 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

Server: Jon Sauerland 10:24 am

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

JEFFERY M. HARVEY, a married person,       )     NO. 12200471-9
                                                            )
                              Plaintiff,                 )     **SUMMONS**
                                                            )
         v.                                                )
                                                            )
CITY OF SPOKANE, a municipal              )
corporation in and for the State of           )
Washington; and ANNE KIRKPATRICK,  )
a single person,                                   )
                                                            )
                              Defendants.             )

<u>TO THE DEFENDANT CITY OF SPOKANE:</u>

A lawsuit has been started against you in the above-entitled Court by Jeffery M.

Harvey, Plaintiff.  Plaintiff's claim is stated in the written Complaint, a copy of which is

served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating

your defense in writing, and by serving a copy upon the person signing this Summons

within twenty (20) days after the service of this Summons, excluding the day of service, or

within sixty (60) days if this Summons was served outside the State of Washington, or

within forty (40) days if this Summons is served through the Insurance Commissioner's

SUMMONS - 1

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

Office, or a default judgment may be entered against you without notice.  A default judgment is one where Plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this ____ day of February, 2012.

DUNN & BLACK, P.S.

ROBERT A. DUNN, WSBA #12089
SUSAN C. NELSON, WSBA #35637
Attorneys for Plaintiff

SUMMONS - 2

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

COPY
ORIGINAL FILED

FEB 0 7 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

RECEIVED
FEB 0 8 2012
CITY CLERK'S OFFICE
SPOKANE, WA

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

JEFFERY M. HARVEY, a married person,  )
               Plaintiff,  )
      v.  )
CITY OF SPOKANE, a municipal  )
corporation in and for the State of  )
Washington; and ANNE KIRKPATRICK,  )
a single person,  )
          Defendants.  )

NO. **12200471-9**

**COMPLAINT FOR DAMAGES**

Plaintiff Jeffery M. Harvey complains and alleges as follows:

1.    Plaintiff Jeffery M. Harvey, at all times material hereto, was employed as a police detective by the Defendant City of Spokane and was a resident of Spokane County, Washington.

2.    Defendant City of Spokane is a municipal corporation located in Spokane County, State of Washington.

3.    Pursuant to RCW 4.96.020, a Claim for Damages was filed with the City of Spokane over sixty (60) days prior to commencement of this action.

COMPLAINT FOR DAMAGES - 1

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

4.      Defendant Anne Kirkpatrick, at all times material hereto, was an employee and Chief of Police for Defendant City of Spokane, acting within the course and scope of her employment with the Defendant City of Spokane, along with other employees of the Defendant City of Spokane, and a resident of Spokane County, Washington.

## II.   FACTS

5.      Plaintiff Detective Harvey was a decorated police detective and a longtime member of the Executive Board for the Spokane Police Guild ("Guild"). From March 2006 until his wrongful termination, he had been Vice President of the Guild, a position that he took very seriously. In this role, Plaintiff was very vocal regarding the Guild's disapproval of police leadership, particularly how Defendant Kirkpatrick abusively handled discipline and treated Guild officers. Plaintiff Detective Harvey's comments and opinions were commonly published in numerous local news broadcasts, as was his involvement in the 2010 vote of no confidence against Defendant Kirkpatrick, making him a target of Defendant Kirkpatrick for unlawful retaliation and employment discrimination.

6.      On or before October 14, 2010, Defendant Kirkpatrick made it known she would prefer not to have Plaintiff Detective Harvey on the Spokane Police force primarily due to his role and conduct in the Guild.

7.      On January 22, 2011, State Fish and Wildlife ("F&W") Officer David Spurbeck responded to a complaint of "*after hours shooting*" initiated by a personal friend of his via a phone call to his private cell phone. During the phone conversation, F&W

COMPLAINT FOR DAMAGES - 2

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

Officer Spurbeck's friend advised he had purportedly witnessed three children shooting after legal hours and that the children had been picked up by their father and were leaving the hunting area in a vehicle. Upon locating the vehicle, F&W Officer Spurbeck pulled over the vehicle operated by Plaintiff Detective Harvey, which was occupied by three minor children, two of which were Plaintiff's sons.

8.      F&W Officer Spurbeck became immediately hostile and accused the minors of having engaged in after-hours hunting. Plaintiff Detective Harvey denied the accusations and offered to ask the children about their activities. In response, F&W Officer Spurbeck physically grabbed Plaintiff Detective Harvey and falsely accused him of hindering his investigation.

9.      Thereafter, F&W Officer Spurbeck began interrogating Plaintiff Detective Harvey's sons and their friend. Ultimately, F&W Officer Spurbeck issued no tickets, and Plaintiff Detective Harvey was allowed to leave with his sons and their friend.

10.     A week later, on January 31, 2011, F&W Officer Spurbeck submitted an Incident Report, written over a ten-day period, falsely alleging that Plaintiff Detective Harvey had engaged in criminal conduct – namely a violation of "*RCW 9A.76.020 Obstruction of a law Enforcement Officer*," a misdemeanor offense.

11.     Upon receipt of the F&W Incident Report and as a pretext to fulfilling Spokane Police Department Policy mandates, Defendant Kirkpatrick had a purported

COMPLAINT FOR DAMAGES - 3

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

history of Plaintiff Detective Harvey's 25-year-long career compiled in a blatant, egregious attempt to build a book against Plaintiff Detective Harvey.

12.     On February 4, 2011, a criminal Complaint was filed against Plaintiff Detective Harvey.  Thereafter, on February 9, 2011, Defendant Kirkpatrick launched an official Internal Affairs investigation against Plaintiff Detective Harvey, placing him on administrative leave.

13.     The ensuing investigation was cursory and incomplete at best and was never intended to obtain Plaintiff Detective Harvey's version of the facts or to uncover the truth behind F&W Officer Spurbeck's allegations.  Instead, the Internal Affairs investigation was orchestrated for the sole purpose of providing the requisite pretextual basis needed to justify terminating Plaintiff Detective Harvey's career for his Guild involvement and vocal opposition to Defendant Kirkpatrick's treatment of Guild members and business.

14.     Between February 9 and February 10, 2011, Defendants Kirkpatrick and City of Spokane stripped Plaintiff Detective Harvey of his badge, duty weapon, department identification, building access, and network access.  This was all purportedly done as a result of the misdemeanor charges filed against Plaintiff Detective Harvey.

15.     The overzealous disciplinary actions implemented against Plaintiff Detective Harvey underscored the retaliatory nature of Defendant Kirkpatrick.  Indeed, other similarly situated officers previously charged with off-duty criminal allegations were not only allowed to maintain City employment benefits, but were permitted to retain department

COMPLAINT FOR DAMAGES - 4

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

identification, building access, network access, duty weapons, and badges – as well as employment.   The difference was Defendants' personal retaliation against Plaintiff Detective Harvey's for his Guild involvement.

16.    On February 9, 2011, Plaintiff Detective Harvey was placed on administrative leave.   Defendants Kirkpatrick and the City of Spokane then willfully and wantonly conspired to have F&W Officer Spurbeck's unfounded allegations regarding the January 22, 2011 F&W incident and Plaintiff Detective Harvey's administrative leave reported to the press.

17.    On February 10, 2011, in an attempt to justify her conduct, Defendant Kirkpatrick advised the Defendant City of Spokane media relations that the "*news already has this story*" then unlawfully circulated the Incident Report via departmental email.   That same day, news reports began surfacing quoting Defendant Kirkpatrick saying she had placed Plaintiff Detective Harvey on administrative leave.

18.    On February 14, 2011, Craig Meidl, one of Defendant Kirkpatrick's direct reports, emailed media relations and advised "*We are investigating an off-duty incident involving Det. Harvey.   Part of the investigation will include the amount of publicity surrounding the off-duty event.   ...Thanks! Craig.*"

19.    It was Defendants Kirkpatrick and the City of Spokane who blatantly engaged in conduct for the sole purpose of creating a pretextual nexus between Plaintiff Detective

COMPLAINT FOR DAMAGES - 5

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

Harvey's allegedly illegal, off-duty conduct and his ability and/or fitness to satisfactorily perform his assigned duties.

20.     Defendant Kirkpatrick's unjustified conduct in forcing the pretextual Internal Affairs investigation of Plaintiff Detective Harvey based solely upon unsubstantiated and manipulated, self-serving testimony resulted in the unfounded, unlawful termination of his career.   In unlawfully terminating Plaintiff Detective Harvey, Defendant Kirkpatrick ignored the merit, veracity and motives behind F&W Officer Spurbeck's allegations and actively chose to ignore City policies and procedures intended to protect Plaintiff Detective Harvey from the departmental politics, posturing and personal vendetta of Defendant Kirkpatrick.

21.     Defendant Kirkpatrick's desire to ruin Plaintiff Detective Harvey's career and reputation resulted in her making public, directly or indirectly, Plaintiff Detective Harvey's employment record from as far back as 1987, 24 years earlier.

22.     Defendant Kirkpatrick, in a smear campaign, further disclosed private information from Plaintiff Detective Harvey's past performance reviews and his confidential and private medical records by way of a written document.   It was this document, combined with F&W Officer Spurbeck's manipulated and false testimony, which Defendant Kirkpatrick ultimately utilized as justification for terminating Plaintiff Detective Harvey and to thereafter publicly vilify and malign him.

COMPLAINT FOR DAMAGES - 6

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

23.    On April 11, 2011, in furtherance of Defendant Kirkpatrick's agenda to terminate Plaintiff Detective Harvey, Defendant Kirkpatrick placed select and incomplete portions of Plaintiff Detective Harvey's highly confidential 1986 pre-employment psychological evaluation, his 1987 fitness-for-duty psychological evaluation, a 1988 follow-up evaluation, and his 1993 critical incident assessment into an email to other police department personnel.

24.    At no point in time did Defendant Kirkpatrick seek or obtain Plaintiff. Detective Harvey's permission to copy and transmit his confidential medical records. At no point in time did Plaintiff Detective Harvey give his consent, written or otherwise, authorizing the release of his highly sensitive, confidential information by means of the Defendant City of Spokane's unsecure email system.

25.    In transmitting, via email, select and incomplete portions of Plaintiff Detective Harvey's confidential and private medical records to others, Plaintiff Detective Harvey's highly confidential and private information was made available to the public at large.

26.    In response to a May 2011 public records request, the Defendant City of Spokane intentionally did nothing to redact any of Plaintiff Detective Harvey's confidential information and failed to contact Plaintiff Detective Harvey prior to such release to allow him the opportunity to protect his privacy.

COMPLAINT FOR DAMAGES - 7

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

27.    Furthermore, Defendant Kirkpatrick's April 11, 2011 email correspondence evidenced her pre-disposed intent to terminate Plaintiff Detective Harvey's employment, and her blatant bias against him, stating she "*thought Jeff Harvey was 'dangerous'*" and "*the City is on notice that Jeff Harvey is a danger and unacceptable risk to continue as a police officer.*"

28.    On April 15-18, 2011, the Administrative Review Panel ("ARP") assigned to the February 9, 2011 Internal Affairs investigation against Plaintiff Detective Harvey finalized their review by recommending disciplinary suspension as the only sanction.

29.    On April 22, 2011, Tim Burns, the Police Ombudsman, reviewed the ARP's findings and recommendation and determined that "*the investigation was completed in a timely, thorough and objective manner.*"    Yet, despite the ARP findings and recommendations, Defendant Kirkpatrick completed her pre-ordained agenda, willfully and wantonly disregarded the ARP recommendation, and initiated termination proceedings.

30.    On May 9, 2011, Defendants Kirkpatrick and City of Spokane issued a Loudermill Hearing Notice ("Notice"), dated May 5, 2011, confirming Defendant Kirkpatrick's bias toward Plaintiff Detective Harvey and her predetermined, unwavering intent to terminate his employment in violation of his Constitutional rights. The Notice also evidenced Defendants Kirkpatrick and City of Spokane's intent to unfairly and unlawfully discipline Plaintiff Detective Harvey for past transgressions, both founded and unfounded, to which he had already been subjected to discipline.  This double jeopardy clearly was in

COMPLAINT FOR DAMAGES - 8

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

violation of City Civil Service Commission Rule IX and the City Charter. "*No employee may be disciplined twice for the same act.*"  RULE IX, SUSPENSION, DISCHARGE, LAY OFF: Section 1. GENERAL.  See also City Charter, Sec. 55 "*No employee may be suspended twice for the same act.*"

31.    Defendants Kirkpatrick and City of Spokane's Loudermill Notice willfully and wantonly violated Plaintiff Detective Harvey's statutory and Constitutional right to privacy by disclosing personal, private, and confidential information regarding Plaintiff Detective Harvey's employment history.

32.    On May 18, 2011, in an effort to further disparage Plaintiff Detective Harvey amongst his peers, Defendant Kirkpatrick broadcast an email to the Spokane Police Department Command Staff, Captains and Lieutenants, and Sergeants attaching a copy of Defendants' Loudermill Notice as her "*Notice of Intent to Terminate Jeff Harvey.*"  Such disclosure constituted a willful, wanton abuse of Plaintiff Detective Harvey's right to privacy and confidentiality.

33.    Thereafter, Plaintiff Detective Harvey arranged to meet with Police Ombudsman Burns in order to convey his beliefs that the Internal Affairs investigation was not complete and based upon unreliable information. On July 5, 2011, after meeting with Plaintiff Detective Harvey, Police Ombudsman Burns notified Defendants Kirkpatrick and the City of Spokane that he recommended that the planned Loudermill "*hearing be delayed until Detective Harvey's concerns with the completed investigation can be addressed given*

COMPLAINT FOR DAMAGES - 9

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

*the potentially serious consequences of the Loudermill hearing.*"   The Ombudsman's request was blatantly ignored by the Defendants.

34.     Three days later, on July 8, 2011, Defendants Kirkpatrick and City of Spokane conducted a biased <u>Loudermill</u> hearing, wherein Plaintiff Detective Harvey was purportedly permitted to present any information he wanted to have considered prior to the finalization of any disciplinary decision.  Yet, this "hearing" was pretextual and malicious at best and was not intended to uncover the truth behind F&W Officer Spurbeck's allegations or to allow Plaintiff Detective Harvey the opportunity to present his facts and thereby persuade a fair-minded individual of his innocence.  Instead, the "hearing" was orchestrated for the sole purpose of providing lip service to the Defendants' predetermined decision to terminate Plaintiff Detective Harvey.

35.     On July 13, 2011, Defendants Kirkpatrick and City of Spokane issued a termination letter to Plaintiff Detective Harvey and caused the letter to be disseminated via the local news media.  The termination letter again willfully and wantonly violated Plaintiff Detective Harvey's statutory and Constitutional right to privacy by disclosing personal, private, and confidential information regarding Plaintiff Detective Harvey's employment history.  It also violated City policy, which provides:

> "*The Spokane Police Department has used Lexipol guidelines as best practice for departmental policies in a number of areas, including personnel policies.  Among the adopted policies are provisions for confidentiality of employee records, including complaints filed against Police Officers.  Those policies prohibit the release of records and investigation reports when the*

COMPLAINT FOR DAMAGES - 10

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

*complaints are determined to be unfounded.  ...violation of an employee's privacy rights, would lead inevitably to a lawsuit against the City in which there would be a very low probability the City would prevail.  Monetary damages and assessment of Guild and/or personal attorney fees against the City would be likely.*"  (Emphasis added).

36.    Defendant Kirkpatrick maliciously invaded Plaintiff Detective Harvey's personal privacy in violation of the Federal Privacy Act, 5 U.S.C. § 552; RCW 42.56.250; the ADA, 42 U.S.C. § 12112(d)(3)(B); and both the United States Constitution and Article I, Section 7 of the Washington State Constitution.

37.    Defendant Kirkpatrick, in her individual capacity, acted in a manner that deprived Plaintiff Detective Harvey of Constitutionally-protected liberty and property interests and deprived him of equal protection and procedural and substantive due process of law.  Defendant Kirkpatrick, in her individual capacity, further acted in a manner that was deliberately indifferent, wanton and willful and which reflected a reckless disregard for the rights and well-being of others, including Plaintiff Detective Harvey, all as a pattern and practice as evidenced by the recent jury verdict in the case of <u>Mehring v. Kirkpatrick, et al</u>, Case No. 09-2-05647-6, resulting in a judgment of $1,579,251.08 against her and Defendant City of Spokane.

38.    Defendants' actions resulted in the untimely, wrongful termination of Plaintiff Detective Harvey's 25-year career as a law enforcement officer and irreparably injured his reputation.

**DUNN&BLACK**
L A W Y E R S
*A PROFESSIONAL SERVICE CORPORATION*
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

39.    Plaintiff Detective Harvey had a protected interest in the uninterrupted continuation of his employment, and he was deprived of that property interest when he was summarily terminated on spurious, contrived, and unfounded allegations. Further, Plaintiff Detective Harvey was deprived of his due process when he was deprived of the opportunity to present evidence to a neutral, unbiased decision-maker, free of Defendant Kirkpatrick's undue influence.

40.    Plaintiff Detective Harvey had a protected liberty interest in the right to contract and engage in an occupation. Defendants Kirkpatrick and the City of Spokane infringed upon Detective Harvey's liberty interest when they egregiously and baselessly, publicly branded him as a "Brady Officer" and disclosed highly confidential and private select, unfounded, negative comments about his work performance. Defendants' actions damaged Detective Harvey's professional reputation to the extent he is unable to obtain further employment in his chosen profession.

41.    Defendants Kirkpatrick and City of Spokane engaged in manipulative misconduct in order to terminate Plaintiff Detective Harvey in retaliation for his Guild activities and vocal opposition to Defendant Kirkpatrick's conduct as Police Chief. Indeed, the Public Employment Relations Commission has preliminarily ruled that if all the facts alleged in Plaintiff Detective Harvey's Unfair Labor Practice Complaint are true and provable it appears *"that an unfair labor practice violation can be found"* stemming from the allegations that the Defendant City of Spokane interfered with Plaintiff Detective

COMPLAINT FOR DAMAGES - 12

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

Harvey's rights in violation of RCW 41.56.140(1), by threats of reprisal or force or promises of benefit in connection with Plaintiff Detective Harvey's Guild activities; and the Defendant City of Spokane engaged in discrimination in violation of RCW 41.56.140(1) by its termination of Plaintiff Detective Harvey. Accordingly, Plaintiff Detective Harvey's wages have been wrongfully withheld, and he has been subjected to retaliatory misconduct, the effects of which have irreparably damaged his career and reputation.

42.    On October 14, 2011, an Administrative Law Judge regarding unemployment benefits, determined "*[a]t no point in time did* [Detective Harvey] *fail to follow Officer Spurbeck's instructions, or intentionally block or interfere with his investigation of the alleged hunting violations.* [Detective Harvey] *remained calm throughout the incident, despite Officer Spurbeck's angry demeanor.*" Initial Order, Finding of Fact No. 22, p. 4.

43.    Additionally, the Administrative Law Judge determined Plaintiff Detective Harvey's version of events was "*internally consistent and credible*" and that Defendant City of Spokane had relied almost entirely upon "*hearsay statements of Officer Spurbeck....*" Id., Conclusions of Law No. 1.

44.    The Administrative Law Judge determined Plaintiff Detective Harvey's "*behavior did not violate any of the rules or ethical standards upon which the [City] relies, [City] has not met its burden of proving misconduct.*" Id., Conclusions of Law No. 10, p. 6.

45.    On September 21, 2011, a jury, in its second day of deliberations, indicated it was deadlocked and could not convict Plaintiff Detective Harvey on the charge of

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

obstructing a public servant. Five of six jurors voted to find Plaintiff Detective Harvey innocent.

46. On September 26, 2011, the Deputy Prosecuting Attorney assigned to the matter abandoned all charges against Plaintiff Detective Harvey because he felt the case would never result in substantiated charges against Plaintiff Detective Harvey. In fact, one juror was quoted as stating the case "*was a waste of taxpayers' dollars*." After the jury deadlocked 5 to 1, the Deputy Prosecuting Attorney was heard to say if he had known then what he knew now, the charges would never have been brought.

47. As a direct result of Defendants' conduct, Plaintiff Detective Harvey has incurred substantial damages. Plaintiff Detective Harvey has been forced to utilize savings in order to meet monthly fiscal obligations and to defend against a baseless criminal prosecution that would not otherwise have occurred absent Defendant Kirkpatrick's undue influence and pressure, at a significant loss financially as well as personally and professionally.

48. Furthermore, as a result of Defendants' egregious conduct, numerous false light and defamatory TV, radio, newspaper and Internet articles were published wherein Plaintiff Detective Harvey was subjected to further, ongoing violations of his right to privacy and right to nondisclosure of intimate personal and confidential information.

49. As a result, these false publications caused serious injury to Plaintiff Detective Harvey by impugning, embarrassing, demeaning, humiliating, and defaming his

COMPLAINT FOR DAMAGES - 14

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

reputation and character.  Furthermore, this publicity has forever threatened Plaintiff Detective Harvey's personal safety and welfare, as well as that of his family.

50.    In January 2012, Plaintiff Detective Harvey requested a name-clearing hearing in front of an unbiased, neutral decision maker with the authority to clear his name of all false, misleading, and baseless accusations leveled against him by Defendants.  To date, Defendants have willfully failed and/or refused to provide Plaintiff Detective Harvey his Constitutional right to a name-clearing hearing.

51.    Subsequent to Plaintiff Detective Harvey's criminal trial, the Defendant City of Spokane has failed and/or refused to make Plaintiff Detective Harvey whole by returning him to the detective position he held prior to Defendants' malicious and wrongful conduct. Indeed, the Defendant City of Spokane has further engaged in punitive conduct by demanding that Plaintiff Detective Harvey first submit to an intrusive, psychological evaluation based solely upon contrived and baseless allegations of aggression and Defendant Kirkpatrick's unfounded assertion that she believes he is unfit for duty and would constitute a negligent retention.

52.    Defendants' unlawful and retaliatory actions caused a deprivation of liberty and property interests, including the unlawful termination of Plaintiff Detective Harvey from a decorated career as a law enforcement officer.

53.    As a direct result of the Defendants' conduct, Plaintiff Detective Harvey was subjected to libel, slander, and false light defamation; endured a negligently-directed

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

investigation resulting in malicious prosecution and retaliatory termination; endured an

egregious violation of his right to privacy; and suffered extreme emotional distress and

upset.

## FIRST CAUSE OF ACTION
**(Fourth and Fourteenth Amendment Violations—42 U.S.C. § 1983)**
**(Wrongful Prosecution)**

54.    Plaintiff Detective Harvey re-alleges and incorporates by reference paragraphs 1 through 53 above as if fully set forth herein.

55.    Defendants, while acting under the color of state law, maliciously, recklessly, wantonly, and/or willfully violated Plaintiff Detective Harvey's procedural and substantive due process guarantees by arbitrarily and capriciously having him prosecuted based solely upon contrived allegations of a misdemeanor offense without probable cause or due process in violation of his Constitutional rights.

56.    While acting under the color of state law, Defendants unreasonably continued an ongoing malicious, reckless, and/or willful or wanton violation of Plaintiff Detective Harvey's due process rights involving the deprivation of liberty and property interests. The Defendants' conduct constituted an official policy and a pattern and practice adopted and implemented to permit unlawful and unreasonable prosecution in contravention of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the Washington State Constitution. The Defendants' conduct constituted a pattern, practice, and policy of deliberate indifference toward Plaintiff Detective Harvey's rights.

COMPLAINT FOR DAMAGES - 16

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

57.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Detective Harvey suffered damages. Plaintiff's claim for damages resulting from such violation of his due process rights is made pursuant to 42 U.S.C. § 1983. The Defendants are liable, jointly and severally, for Plaintiff Detective Harvey's damages, including punitive damages, in amounts to be determined at trial, as well as attorney fees and costs pursuant to 42 U.S.C. § 1985.

### SECOND CAUSE OF ACTION
**(Fourteenth Amendment Violations—42 U.S.C. § 1983)**
**(Property Interest)**

58.    Plaintiff Detective Harvey re-alleges and incorporates by reference paragraphs 1 through 57 above as if fully set forth herein.

59.    Defendants, while acting under the color of state law, maliciously, recklessly, willfully, and/or wantonly violated Plaintiff Detective Harvey's procedural and substantive due process guarantees by arbitrarily and capriciously depriving him of his Constitutionally-protected property interest, continued employment.

60.    Defendants willfully and/or wantonly executed a pre-determined decision as a pattern and practice to terminate Plaintiff Detective Harvey's employment, without affording him a meaningful hearing in front of an impartial decision-maker, in violation of his right to due process.

61.    The Defendants' conduct constituted an official policy, adopted and implemented as a pattern and practice to permit the deprivation of Constitutionally-

COMPLAINT FOR DAMAGES - 17

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

protected property interests in contravention of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the Washington State Constitution. The Defendants' conduct constituted a policy of deliberate indifference toward Plaintiff Detective Harvey's rights.

62.    As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff Detective Harvey suffered damages. Plaintiff's claim for damages resulting from such violation of his due process rights is made pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The Defendants are liable, jointly and severally, for Plaintiff Detective Harvey's damages, including punitive damages, in amounts to be determined at trial.

## THIRD CAUSE OF ACTION
### (Fourteenth Amendment Violations—42 U.S.C. § 1983)
### (Liberty Interest)

63.    Plaintiff Detective Harvey re-alleges and incorporates by reference paragraphs 1 through 62 above as if fully set forth herein.

64.    Defendants while acting under the color of state law, maliciously, recklessly, willfully, and/or wantonly violated Plaintiff Detective Harvey's procedural and substantive due process guarantees by arbitrarily and capriciously depriving him of his Constitutionally-protected liberty interest, the right to engage in an occupation and/or earn a living.

65.    Defendants maliciously, recklessly, willfully and/or wantonly placed select and highly damaging portions of Plaintiff Detective Harvey's personnel file, including numerous confidential, private, and unfounded and/or false accusations of impropriety, into

COMPLAINT FOR DAMAGES - 18

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

the public record and news media thereby stigmatizing Plaintiff Detective Harvey in the eyes of potential law enforcement employers and in the minds of citizens reviewing the publicized information.

66.    Defendants further maliciously, recklessly, willfully, and/or wantonly branded Plaintiff Detective Harvey a "Brady Officer" in the public record and news media, thereby stigmatizing Plaintiff Detective Harvey in the eyes of potential law enforcement employers and in the minds of citizens reviewing the publicized information.

67.    Defendants' egregious, malicious, reckless, willful, and/or wanton acts foreclosed Plaintiff Detective Harvey from being able to obtain subsequent employment, to live and work wherever, to pursue any livelihood or avocation, and irreparably harmed Plaintiff Detective Harvey's reputation by grossly maligning his integrity and honor. Defendants' egregious willful and/or wanton actions were done without affording Plaintiff Detective Harvey a meaningful hearing in front of an impartial decision-maker and thereby allowing him to clear his name. Defendants' wrongful conduct has irreparably impaired Plaintiff Detective Harvey's reputation.

68.    The Defendants' conduct constituted an official policy, adopted and implemented to permit the deprivation of Constitutionally-protected liberty interests in contravention of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the Washington State Constitution. The Defendants' conduct constituted a

COMPLAINT FOR DAMAGES - 19

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

pattern, practice, and policy of deliberate indifference toward Plaintiff Detective Harvey's rights.

69.    As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff Detective Harvey suffered damages. Plaintiff's claim for damages resulting from such violation of his due process rights is made pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The Defendants are liable, jointly and severally, for Plaintiff Detective Harvey's damages, including punitive damages, in amounts to be determined at trial.

## FOURTH CAUSE OF ACTION
### (First Amendment Violations – Free Speech and Association)

70.    Plaintiff Detective Harvey re-alleges and incorporates by reference paragraphs 1 through 69 as if fully set forth herein.

71.    Plaintiff Detective Harvey engaged in Constitutionally-protected activity when engaging in Spokane Police Guild activities and vocalizing the Guild's disapproval of Defendant Kirkpatrick's leadership and/or management style regarding the Spokane Police Department. Defendants Kirkpatrick and City of Spokane were aware of Plaintiff Detective Harvey's ongoing Guild opposition to Spokane Police Department leadership as evidenced by the supervisory comments contained in Plaintiff's performance reviews.

72.    Defendants retaliated against Plaintiff Detective Harvey for engaging in Guild activities and vocalizing Guild discontent with Spokane Police Department leadership by furthering a contrived misdemeanor prosecution of Plaintiff Detective Harvey; initiating a

COMPLAINT FOR DAMAGES - 20

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

pretextual Internal Affairs investigation against Plaintiff Detective Harvey; prohibiting Plaintiff Detective Harvey from accessing Spokane Police Department buildings and/or networks while on Administrative leave, thereby interfering with his duties as the Guild Vice President; disciplining Plaintiff Detective Harvey duplicatively for past allegations of misconduct; violating Plaintiff Detective Harvey's right to privacy and confidentiality by broadcasting and/or publishing his confidential medical records and employment record; publicly impugning Plaintiff Detective Harvey's reputation for honesty and morality; and terminating Plaintiff Detective Harvey's career. Defendants knew such negative accusations and charges would preclude Plaintiff Detective Harvey from securing employment and/or future advancements as a law enforcement officer.

73. The acts above constitute retaliation and/or harassment in violation of the First Amendment and Defendant City of Spokane policy for Plaintiff Detective Harvey's Guild activities and his opposition to Spokane Police Department leadership and Defendants' numerous adverse employment actions.

74. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff Detective Harvey has suffered and continues to suffer economic injury and loss, and seeks damages herein to be proven at trial.

COMPLAINT FOR DAMAGES - 21

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

## FIFTH CAUSE OF ACTION
### (Violations of Right to Privacy)

75.     Plaintiff Detective Harvey re-alleges Paragraphs 1 through 74 above and incorporates them by reference as though fully set forth herein.

76.     Defendants violated Plaintiff Detective Harvey's civil, Constitutional, and statutory rights as a result of disclosing highly confidential, private information to the public.  On April 11, 2011, Defendant Kirkpatrick willfully and wantonly emailed select portions of Plaintiff Detective Harvey's February 27, 1986 pre-employment psychological evaluation, his December 2, 1987 fitness for duty psychological evaluation and the March 2, 1998 follow up evaluation, as well as select portions of his August 1993 critical incident assessment to others.  At no point in time did Plaintiff Detective Harvey give his consent, written or otherwise, authorizing the release of this highly sensitive, confidential information.

77.     Defendant Kirkpatrick knowingly and willfully utilized a public forum, the City of Spokane email system via a department network, thereby publishing this information to the world at large, when disseminating this highly confidential, private information.

78.     Defendants further violated Plaintiff Detective Harvey's civil, Constitutional, and statutory rights to privacy as a result of disclosing highly confidential, private information to the public when disseminating select portions of his performance reviews,

COMPLAINT FOR DAMAGES - 22

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

including, but not limited to, false and/or unfounded accusations of misconduct, to the public via media releases.

79.     Defendants' actions have resulted in an unwarranted invasion of Plaintiff Detective Harvey's personal privacy; a violation of the Federal Privacy Act, 5 U.S.C. § 552; a violation of RCW 42.56.250; a violation of the ADA, 42 U.S.C. § 12112(d)(3)(B); and violations of both the United States Constitution and Article I, Section 7 of the Washington State Constitution.

80.     Defendants' unlawful conduct was the proximate cause of damage to Plaintiff Detective Harvey.  Plaintiff Detective Harvey has suffered economic damages, severe emotional distress, embarrassment, humiliation, and mental anguish as a direct result of this unlawful conduct by the Defendants.

81.     As a direct and proximate result of Defendants' actions and conduct, Plaintiff Detective Harvey has suffered damages in an amount to be proven at trial, including reasonable attorney fees and costs.

### SIXTH CAUSE OF ACTION
**(Conspiracy to Violate Civil Rights—42 U.S.C. § 1985(3))**

82.     Plaintiff Detective Harvey re-alleges and incorporates by reference paragraphs 1 through 81 above as if fully set forth herein.

83.     Defendants, under the color of state action, in and among themselves and together with other of Defendants' employees and agents, by the actions and conduct

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

alleged herein, engaged in a conspiracy for the purpose of preventing, hindering, or depriving Plaintiff Detective Harvey of equal protection under the laws of the United States and the State of Washington to his direct injury and detriment. The Defendants, as conspirators, did so for the purpose of injuring and depriving Plaintiff Detective Harvey of rights and privileges as a citizen of the United States with the intention and design to exploit Plaintiff Detective Harvey for unlawful and self-serving unlawful purposes.

84.    Defendants herein conspired for the purpose of depriving Plaintiff Detective Harvey, either directly or indirectly, of equal protection and equal privileges and immunities afforded to him under the laws of the United States and the State of Washington. The Defendants acted as conspirators in furtherance of that conspiracy, and such acts injured Plaintiff Detective Harvey by depriving him of his right to exercise rights and privileges afforded him as a citizen.

85.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff Detective Harvey suffered injury and damages for which he seeks recovery against the Defendants' jointly and severally, in amounts to be proven at the time of trial, including, but not limited to, punitive damages, and those available pursuant to 42 U.S.C. § 1988.

## SEVENTH CAUSE OF ACTION
### (Hostile Work Environment)

86.    Plaintiff Detective Harvey re-alleges and incorporates by reference Paragraphs 1 through 85 above as if fully set forth herein.

COMPLAINT FOR DAMAGES - 24

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

87.     Defendants created and permitted a retaliatory and hostile work environment at the Spokane Police Department to exist against Plaintiff Detective Harvey because of his ongoing opposition to their various unfair labor practices, violations of other employees' Fourteenth Amendment Procedural Due Process rights in his role as one of the Spokane Police Guild Vice Presidents.

88.     The environment permitted and/or created by Defendants perpetrated an intimidating, hostile, offensive work environment.

89.     Defendants' conduct has caused Plaintiff Detective Harvey to be injured in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### (Wrongful Withholding of Wages – RCW 49.52.050)

90.     Plaintiff Detective Harvey re-alleges and incorporates by reference Paragraphs 1 through 89 above as if fully set forth herein.

91.     Defendant City of Spokane refused and/or failed to pay Plaintiff Detective Harvey compensation owed from the date of his wrongful discharge to present without lawful purpose.

92.     The Defendant City of Spokane's conduct is a violation of RCW 49.48.010, as well as RCW 49.52.050 and 49.52.070.

93.     As a direct and proximate result of Defendant City of Spokane's violation of RCW 49.48.010, RCW 49.52.050, and RCW 49.52.070, Plaintiff Detective Harvey has

COMPLAINT FOR DAMAGES - 25

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

suffered economic injury and loss, and seeks damages herein, including double the amount of compensation wrongfully withheld from him and payment of his reasonable attorney fees and costs incurred herein pursuant to RCW 49.48.030 for having to bring this action.

## NINETH CAUSE OF ACTION
### (Invasion of Privacy/False Light Disclosure)

94.     Plaintiff Detective Harvey re-alleges Paragraphs 1 through 93 above and incorporates them by reference as though fully set forth herein.

95.     The Defendants, by their conduct as alleged herein, wrongfully interfered with and invaded Plaintiff Detective Harvey's right to privacy of his private affairs and concerns in such a manner as to be highly offensive and objectionable, and did so by disclosing publicly matters which were private to his employment and work history.

96.     In addition, the Defendants invaded Plaintiff Detective Harvey's right to privacy by recklessly disregarding the falsity of and/or unsubstantiated facts surrounding the matters which they publicized in such an unreasonable and objectionable manner as to place Plaintiff Detective Harvey in a false light which was highly offensive.

97.     As a direct and proximate result of Defendants' conduct, Plaintiff Detective Harvey suffered emotional and mental distress for which he is seeking to be compensated in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 26

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

**TENTH CAUSE OF ACTION**
**(Defamation)**

98.    Plaintiff Detective Harvey re-alleges Paragraphs 1 through 97 above and incorporates them by reference as though fully set forth herein.

99.    The Defendants negligently and/or willfully and maliciously made defamatory statements about Plaintiff Detective Harvey. Such statements were false, without privilege, and were published both orally and in writing by Defendants.

100.    As a direct and proximate result of Defendants' libelous and slanderous statements made about Plaintiff Detective Harvey, Plaintiff has suffered personal injury, including injury and damage to his reputation for which he is seeking compensation in an amount to be proven at trial.

**ELEVENTH CAUSE OF ACTION**
**(Infliction of Emotional Distress)**

101.    Plaintiff Detective Harvey re-alleges Paragraph 1 through 100 above and incorporates them by reference as though fully set forth herein.

102.    The Defendants' unlawful conduct toward Plaintiff Detective Harvey was careless, reckless, unreasonable, negligent, wanton, and/or intentional and was the proximate cause of the infliction of severe mental anguish and emotional distress suffered by Plaintiff Detective Harvey, for which he is entitled to recover damages in an amount to be established at trial.

COMPLAINT FOR DAMAGES - 27

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

1

2

## TWELFTH CAUSE OF ACTION
### (Outrage)

3

4    103.    Plaintiff Detective Harvey re-alleges Paragraph 1 through 102 above and

5    incorporates them by reference as though fully set forth herein.

6    104.    Defendants' conduct against Plaintiff Detective Harvey was so outrageous in

7    character as to be absolutely intolerable in a civilized society and went beyond all possible

8

9    bounds of decency.  Defendants owed a duty of care to Plaintiff Detective Harvey which

10    they breached, such breach constituting the tort of outrage and which directly and

11    proximately caused Plaintiff Detective Harvey severe mental anguish, humiliation,

12    embarrassment, and emotional distress for which he is entitled to recover damages.

13

14    105.    As a direct and proximate result of the Defendants' negligence, Plaintiff

15    Detective Harvey suffered substantial physical, mental, and emotional injuries.  As a result

16    thereof, Plaintiff Detective Harvey has suffered and will continue to suffer pain and

17

18    suffering, both mental and physical; emotional distress; and impairment to the ability to

19    enjoy life, all to his general damages in an amount to be proven at the time of trial.

20

21    ## THIRTEENTH CAUSE OF ACTION
### (Negligence/Gross Negligence)

22

23    106.    Plaintiff Detective Harvey re-alleges Paragraphs 1 through 105 above and

24    incorporates them by reference as though fully set forth herein.

25

26

COMPLAINT FOR DAMAGES - 28

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

107.    The direct and proximate cause of the aforementioned investigations, criminal and internal; wrongful prosecution; libel; slander; and false light publications was the negligence and/or gross negligence of the Defendants in failing to conduct either investigation using the requisite standard of care necessary to support and/or prepare the prosecution and/or termination of Plaintiff Detective Harvey and thereby failed to ensure the due process and Constitutional rights of Plaintiff Detective Harvey.

108.    Defendant City of Spokane, by its negligence and/or the gross negligence of its employees and agents, gave express and/or implied consent permitting wrongful acts to be perpetrated against Plaintiff Detective Harvey.  As a direct result, the Defendants are liable for any damages caused by Defendants' negligence and/or gross negligence.

109.    Defendants, jointly and severally by their conduct, breached their duty to Plaintiff Detective Harvey in failing to exercise the standard of care which Defendants owed to him and, in doing so, negligently caused Plaintiff Detective Harvey to suffer injury.

110.    As a further direct and proximate result of Defendants' joint and several negligence and/or gross negligence, and unlawful acts in violation of the laws of the State of Washington, Plaintiff Detective Harvey has suffered injuries in amounts to be proven at the time of trial.

COMPLAINT FOR DAMAGES - 29

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

## FOURTEENTH CAUSE OF ACTION
### (Vicarious Liability)

111.    Plaintiff Detective Harvey re-alleges Paragraphs 1 through 110 above and incorporates them by reference as though fully set forth herein.

112.    As the principal for and the employer of Defendant Kirkpatrick, Defendant City of Spokane, pursuant to the doctrine of respondeat superior, is vicariously liable for the wrongful acts and omissions of Defendant Kirkpatrick, who was the actual agent, representative, and employee of the Defendant City of Spokane and who at all times was acting within the scope of her employment or within the scope of the apparent authority given to her by the Defendant City of Spokane. Such acts were authorized or ratified by Defendant City of Spokane. Such acts were the proximate cause of Plaintiff Detective Harvey's injuries and damages for which he is seeking recovery in an amount to be proven at the time of trial.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Detective Harvey prays as follows:

1.    For judgment against the Defendants, jointly and severally, for special and general damages in amounts to be proven at the time of trial;

2.    For damages pursuant to 42 U.S.C. § 1983; § 1985; § 1988; and/or § 12112 including an award of punitive damages;

3.    For damages pursuant to 5 U.S.C. § 552;

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION
BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734

COMPLAINT FOR DAMAGES - 30

4.      For damages pursuant to RCW 42.56.250;

5.      For damages pursuant to RCW 49.48.030

6.      For attorney fees and costs;

7.      For prejudgment interest as provided by law;

8.      For compensatory damages to include, but not restricted to, damages for

emotional distress and mental anguish in amounts to be proven at trial; and

9.      For such additional relief as the Court may deem just and proper.

DATED this _____ day of February, 2012.

                         DUNN & BLACK, P.S.

                         ROBERT A. DUNN, WSBA #12089
                         SUSAN C. NELSON, WSBA #35637
                         Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - 31

DUNN&BLACK
L A W Y E R S
A PROFESSIONAL SERVICE CORPORATION

BANNER BANK BUILDING
111 NORTH POST, SUITE 300
SPOKANE, WASHINGTON 99201-0705
VOICE: (509) 455-8711 • FAX: (509) 455-8734